UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

ALI HUSSEIN ADDO             )
                             )
        V.                   )    CIVIL ACTION NO. 05-11420-GAO
                             )
UNITED STATES OF AMERICA )

**GOVERNMENT'S AMENDED OPPOSITION TO PETITIONER'S MOTION TO
VACATE, SET ASIDE, OR CORRECT SENTENCE**

The government hereby opposes the motion of Ali Hussein Addo ("Addo"), filed pursuant to 28 U.S.C. §2255, to vacate, set aside, or correct sentence. All of Addo's claims are time-barred, some were previously denied on direct appeal, and all lack merit in any event.

**Procedural and Factual Background**[1]

On January 22, 1999, Addo was arrested and charged with bank fraud, in violation of 18 U.S.C. §1344, in a criminal complaint filed the previous day. [PSR, ¶1; Dk. 1]. The government moved for detention and, after a hearing, Addo was detained pending further proceedings. [Dk. 2,6, 8, 9]. On March 3, 1999, a federal grand jury in the District of Massachusetts returned a one-count indictment charging Addo with bank fraud, in violation of 18 U.S.C. §1344 (Criminal No. 99-10064-GAO). [Dk. 11; PSR, ¶2]. The facts underlying the indictment were that Addo opened an account at Eastern Bank under a fraudulent name, deposited approximately

---

[1] The facts are taken from the Presentence Report ("PSR") prepared by the Probation Office. The PSR is cited, by paragraph, as "[PSR, ¶_]." The court's docket is cited as "[Dk. __]."

$30,000 of worthless checks into the account, and thereafter withdrew approximately $9,500 from the account. [PSR, ¶6; *see* Dk. 11].

On August 4, 1999, Addo pled guilty to the indictment pursuant to a written plea agreement with the government tendered under Fed. R. Crim. P. 11(e)(1)(B). [PSR, ¶2; Dk. 25]. Addo was sentenced on September 28, 1999. [Dk. 28]. Over Addo's objections [Dk. 27], this court accepted the PSR's calculation of his GSR. [Dk. 29; PSR, ¶48]. Addo was sentenced to eight months' imprisonment, deemed served by his period of pretrial detention. [Dk. 29]. He was also placed on supervised release for a period of three years. [Dk. 29].

Addo filed a *pro se* notice of appeal, together with a motion to extend the time for filing, on November 9, 1999. This court granted the motion and deemed the notice of appeal timely filed pursuant to Fed. R. App. P. 4(b)(4). [Dk. 30]. The Court of Appeals dismissed Addo's appeal for lack of prosecution on May 17, 2000. On July 1, 2002, however, Addo moved to re-open the appeal. The Court of Appeals reinstated the appeal and permitted it to go forward by order dated September 6, 2002. In his *pro se* brief, Addo presented three primary claims for review, two of which are repeated in his §2255 motion: first, he claimed that the government breached the stipulations and conditions of the conditional plea he claims to have entered in the district court;

2

second, he claimed that the government withheld a purportedly exculpatory Federal Bureau of Investigation ("FBI") lab report. On August 26, 2003, the Court of Appeals affirmed the judgment of this Court with an unpublished *per curiam* opinion. On March 3, 2004, the United States Supreme Court denied Addo's *pro se* petition for writ of certiorari. [COA Docket for Appeal No. 00-1202 3/3/04].

A warrant for Addo's arrest for violations of his supervised release was issued by this Court on February 11, 2000. [*See* Dk. 33]. Addo was arrested in the District of Massachusetts on May 31, 2000. [*See* Dk. 35]. On August 7, 2000, Addo's term of supervised release was revoked after a hearing before this Court, and he was sentenced to serve a year and a day in the custody of the Attorney General. [Dk. 47]. A new two-year period of supervised release was imposed to follow his prison sentence.[2] No direct appeal was

---

[2] Section 2255 requires as a prerequisite that the petitioner be "in custody." See Maleng v. Cook, 490 U.S. 488, 490-494 (1989 (*per curiam*); United States v. Michaud, 901 F.2d 5, 6-7 (1st Cir. 1990). Petitioners released on supervised release are deemed to be "in custody" because their terms and conditions restrict their liberty. See Jones v. Cunningham, 371 U.S. 236, (1963) (parole case). Addo is currently serving the two-year period of supervised release imposed by this Court to follow the year and a day sentence imposed on August 7, 2000. That is so because Addo escaped from BOP custody before the expiration of his year and a day sentence, was a fugitive for approximately seven months, and then served consecutive federal prison sentences imposed in his prosecution for escape (Criminal No. 01-10329-NG), and his prosecution on charges of bank fraud and passport fraud (Criminal No. 03-10155-RGS). The government has been informed by the United States Probation Office that Addo's supervised release on all three convictions began to run (concurrently) on July 13, 2004, and that Addo will be on supervised release imposed by this session of this Court until July 12, 2006.

3

taken.

On July 5, 2005, a §2255 motion filed by Addo was entered on this Court's docket. On July 27, 2005 a second §2255 motion was added to the docket as an attachment to the first. Although one was titled under 28 U.S.C. §2243, both were docketed as having been filed under 28 U.S.C. §2255.[3] As both attack judgments entered by this Court, the government will treat all issues raised in both motions as if raised under §2255. See United States v. DiRusso, 535 F.2d 673, 674-76 (1st Cir. 1976) (28 U.S.C. §2255 grants jurisdiction over post-conviction claims attacking the "imposition or illegality of the sentence").

The first motion (entered on the docket as the attachment to the earlier petition) attacks Addo's criminal conviction for bank fraud. He raises three claims: (1) that certain unspecified

---

[3] Addo's reference to §2243 is not understood by the government. Section 2243 addresses only the procedures governing a court's consideration of a writ of habeas corpus, and provides this Court with no substantive power to issue the writ itself. In any event, this Court has no jurisdiction to consider a petition under §2241, as such a petition must be filed in the district in which the petitioner is held at the time the motion is filed. The First Circuit has repeatedly found that a district court lacks jurisdiction to hear challenges brought under §2241 by prisoners incarcerated outside the district of the sentencing court. United States v. DiRusso, 535 F.2d 673, 675 (1st Cir. 19765); Thompson v. United States, 536 F.2d 459,k 460-61 (1st Cir. 1976); United States v. Glantz, 884 F.2d 1483, 1489 (1st Cir. 1989). Here, Addo's motions indicate that he was held in York, PA, when they were filed. Moreover, the First Circuit has also held that a prisoner cannot "evade the restrictions of Section 2255 by resort to the habeas statute, 28 U.S.C. §2241." United States v. Barrett, 178 F.3d 34, 38 (1st Cir. 1999).

4

conditions of the plea agreement were breached by the government, entitling Addo to have his judgment vacated or set aside; (2) that the government withheld an exculpatory forensic report that would have required his bank fraud charge to be dismissed; (3) that the magistrate judge violated his constitutional right to represent himself at his bail hearing.

The second motion attacks Addo's revocation of supervised release. He raises four claims: (1) that this Court violated Rule 32 by failing to provide him an opportunity to speak prior to imposition of sentence; (2) that this Court failed to advise him of his right of appeal; (3) that his Sixth Amendment right to a trial by jury was violated by this Court's judicial fact finding at his revocation hearing; and (4) that the prosecutor impermissibly brought a felony charge against him without authority to do so.

### **Timeliness**

Motions under §2255 are subject to a one-year statute of limitations. 28 U.S.C. §2255. Because no other commencement date for the limitations period is even arguably applicable, the one-year period for both of Addo's motions started to run on "the date on which the judgment of conviction [became] final."

With respect to Addo's underlying criminal conviction for bank fraud, the judgment in that case became final when the Supreme Court denied his petition for a writ of certiorari on March 3, 2004. Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality

attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). Accordingly, Addo had until March 3, 2005 to file a timely §2255 motion attacking his original bank fraud conviction. As his motion attacking his bank fraud conviction is singed and dated July 22, 2005, the motion is time-barred.

With respect to Addo's sentence imposed for his violation of the conditions of his supervised release, the judgment in that case became final at the latest on August 21, 2000, when his time to file a notice of appeal expired ten days after the revocation judgment entered on this Court's docket. See Clay v. United States, supra. As his motion attacking his revocation judgment is dated June 27, 2005, that motion is also time-barred.

### Discussion of the Merit of Addo's Claims

Addo's claims are time-barred and must be denied on that basis alone. However, without attempting to be exhaustive, the government will briefly address the obvious lack of merit of most if not all of Addo's claims.

Absent an intervening change in the governing substantive law, a defendant cannot use §2255 to relitigate claims raised and adversely decided on direct appeal. See Argencourt v. United States, 78 F.3d 14, 16 n.1 (1st Cir. 1996); Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994). A decision on the merits

6

on direct appeal has a preclusive effect on collateral review under § 2255. In his motion attacking his bank fraud conviction, Addo repeats two argument (breach of plea agreement conditions and discovery violation) that were considered and rejected by the Court of Appeals.

With respect to claims that were not presented on direct review, a defendant is in almost equally dire straits. In that circumstance, he is obliged to show cause why the claim was not raised earlier (both at trial and on direct appeal), as well as actual prejudice flowing from the alleged error. See United States v. Frady, 456 U.S. 152, 170 (1982). Under the cause prong of this standard, a defendant must establish that "some objective factor external to the defense" impeded his efforts to raise the issue at an earlier juncture. See Coleman v. Thompson, 501 U.S. 22, 753 (1991). Under the prejudice prong, the defendant must demonstrate that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error." Frady, 456 U.S. at 170. The cause and prejudice standard is more stringent than the plain error standard that is applied on direct appeal to defaulted claims. Id. 164-166. Addo has not even attempted to show cause why he did not raise his third attack on his bank fraud conviction (violation of his right to represent himself) on his direct appeal from his bank fraud conviction.

Addo's attack on his supervised release judgment suffers from

the same failure to meet the cause standard of Frady. Although the government does not accept his claims that he was not provided an opportunity to speak to the court before imposition of sentence and was not informed of his right to appeal, they are both procedurally defaulted (as well as time-barred). Moreover, the United States Supreme Court has specifically held that the very violation of Rule 32 claimed by Addo is not cognizable under §2255. Hill v. United States, 368 U.S. 424, 428 (1962). Addo's Sixth Amendment claim is equally meritless. There is no right to a jury trial in a supervised release revocation proceeding. Title 18, United States Code, Section 3583(e) grants this Court power to adjudicate, under a preponderance of the evidence standard, violations of conditions of supervised release. Addo's final claim that the prosecutor lacked authority to charge a felony is also based on a misunderstanding of the revocation process. Although criminal felony charges must be presented to the grand jury (absent a waiver by a defendant), no such requirement exists with respect to supervised release revocation petitions. When this Court revoked Addo's supervised release, it did not find that he had committed a felony (even though he had); this Court found that his conduct violated the condition of his supervised release that he not violate a federal, state or local law. Thus, he was neither charged with a felony crime, nor found guilty of such an offense. The judgment of this Court was not that he committed bank fraud,

but that he violated a condition of his supervised release.

For all of the above reasons, Addo's §2255 motions should be denied and this proceeding dismissed.

>                          Respectfully submitted,
>
>                          MICHAEL J. SULLIVAN
>                          United States Attorney
>
>                   By:    /s/ Timothy Q. Feeley
>                          TIMOTHY Q. FEELEY
> February 21, 2006        Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

This is to certify that I have this date served upon Ali Hussein Addo a copy of the foregoing document at his last known address, as follows:

> Mr. Ali Addo
> 44 Church Street, Apt. 2
> Somerville, MA 02143

This 21st day of February 2006.

>                          /s/ Timothy Q. Feeley
>                          TIMOTHY Q. FEELEY
>                          ASSISTANT UNITED STATES ATTORNEY